UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                                 Plaintiff,

-v-

M. SLAVIN AND SONS, INC.

                                 Defendant.
------------------------------------------------------------x

Civil Action No. CV09-5330

**COMPLAINT**

**JURY TRIAL DEMAND**

WEINSTEIN, J.

LEVY, M.J.

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, race, national origin, and retaliation and to provide appropriate relief to Charging Party, Kevin Pierson, and a class of similarly situated male employees affected by such unlawful practices.

Defendant, M. Slavin and Sons, Inc., is a wholesale and retail fish distributor with locations in Brooklyn, Hunts Point Market in the Bronx, Rhode Island and Virginia. Defendant's owners, including Barry and Jack Slavin, and other management officials including Charles ("Chuck") Clayton and Julio Pereira, created a hostile and abusive work environment for Charging Party and a class of other similarly situated male employees at Defendant's Brooklyn location based on their sex (male), race (Black/African-American), and/or national origin (African). Defendant also retaliated against the Charging Party in violation of Title VII. Defendant also constructively discharged other employees due to the hostile work environment. These facts are alleged with greater particularity in paragraph 7 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Eastern District of New York.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6.

4. At all relevant times, Defendant has continuously been a corporation doing business in the State of New York and in Kings County, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Party Kevin Pierson filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 1996, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e including by subjecting Charging Party and a class of similarly situated male employees at Defendant's Brooklyn location to a pattern and practice of harassment. These practices include, but are not limited to, the following:

a) Defendant repeatedly subjected Charging Party and other male employees to unwelcome physical harassment based on their sex. Specifically, the harassment includes, but is not limited to Jack Slavin, Barry Slavin and Julio Pereira regularly grabbing or pinching male employees' buttocks and/or pushing their penises against employees' buttocks, and Chuck Clayton frequently jabbing fish hooks into male employees' buttocks.

b) Defendant also subjected Charging Party and other male employees to unwelcome egregious and offensive verbal harassment based on their sex. Specifically, the harassment includes, but is not limited to, Barry Slavin frequently recounting a sexually explicit "dream" involving three black penises, telling male employees to "suck my dick" and asking, "Have you ever had Jewish cum in your mouth." Barry Slavin and Chuck Clayton would also ask male employees to come and hold their penises while they would urinate outside on the street. Clayton also frequently sang, "Kevin takes it up the ass, do-da, do-da" in front of Charging Party and other employees, often replacing Charging Party's name with that of other male employees. Barry Slavin would also make comments such as, "Have you ever had a dick in your ass and your mouth at the same time?" Defendant's owners and management would further frequently refer to male employees using offensive terms such as "bitch" or "cocksucker."

3

c)      Defendant has also subjected Charging Party and other Black/African-American or African employees to offensive racial comments. Specifically the harassment includes, but is not limited to, owners and management officials making racial jokes and using racial slurs such as "nigger" in reference to African-American employees. For example, Defendant's owner Mitchell Slavin said to an employee, "Go get it Nigger" in front of other Black employees despite protests from Black employees and repeated the comment immediately following the protests. On another occasion, Mitchell Slavin told a joke indicating that there was no need to hire equipment to do a particular job when they had "all these Niggers standing here." Barry Slavin also made comments to Black male employees questioning their intelligence such as, "I didn't hire you to think" or "I didn't know you knew how to read."

d)      Defendant also subjected African and other immigrant employees to offensive comments regarding national origin. For example, Defendant's manager, Clayton, used derogatory terms such as "African bastard" and made comments such as "Let me see you run like you are in Africa" and "Do you fuck the elephants or the rhinos?" to an African immigrant employee.

e)      Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. Section 2000e-3, by retaliating against Charging Party who complained about and objected to the discriminatory treatment, filed a Charge of Discrimination with EEOC, and participated in EEOC's investigation. Defendant retaliated against the Charging Party by more closely monitoring him as compared to employees who did not assert their rights.

    Defendant further retaliated against him by creating an environment where employees were afraid to associate with him. Defendant also communicated to Charging Party that his complaints would not be believed and that no one wanted to hear his complaints including comments such as, "it's our word against your's, who do you think they are going to believe?" Defendant also communicated to employees that they should not go to EEOC since they are now "getting sued over bullshit" and that in sum, since this case is causing Defendant to have to spend money that it will also cause problems for them as workers. Charging Party also asserts that Barry Slavin informed him, "I'm not going to kill you…at least not yet" in approximately May 2009 while his EEOC Charge was pending.

    (f)  Defendant's hostile work environment also caused male employees to be constructively discharged including at least one employee who left without another job lined up and another employee who left for a lower paying job.

  8.  The effect of the practices complained of above has been to deprive Charging Party and a class of similarly situated male employees at Defendant's Brooklyn location of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, race and/or national origin. Defendant's practices also caused employees to be constructively discharged. Defendant also retaliated against Charging Party.

  9.  The unlawful employment practices complained of above were intentional.

  10.  At all relevant times, Defendant has acted with malice or reckless indifference to the federally protected rights of Charging Party and a class of similarly situated male employees at Defendant's Brooklyn location.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices that discriminate on the basis of sex, race or national origin;

B. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from engaging in any employment practices that retaliate against those individuals that oppose sex, race or national origin discrimination;

C. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for all employees, regardless of sex, race, and national origin, and that eradicate the effects of Defendant's past and present unlawful employment practices;

D. Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial;

E. Order Defendant to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for non-pecuniary losses, including pain, suffering and humiliation, in amounts to be determined at trial;

F. Order Defendant to provide punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: New York, New York
December 7, 2009

                                Respectfully submitted,

                                James L. Lee
                                Deputy General Counsel

                                Gwendolyn Young Reams
                                Associate General Counsel

                                EQUAL EMPLOYMENT OPPORTUNITY
                                COMMISSION
                                131 M Street, NE
                                Washington, D.C. 20507

                                _____
                                Elizabeth Grossman
                                Regional Attorney

                                _____
                                Robert D. Rose
                                Supervisory Trial Attorney

                                _____
                                Sunu P. Chandy
                                Senior Trial Attorney

                                New York District Office
                                33 Whitehall Street, 5th Floor
                                New York, New York 10004
                                Telephone No.: 212-336-3706
                                Facsimile No.: 212-336-3623
                                Email Address: sunu.chandy@eeoc.gov